# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SANDRA BURKE, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **COMPASS BANK and TRANS UNION, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendants states as follows:

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]).

2. Defendants, Trans Union and Compass Bank, claimed on Plaintiff, Sandra Burke's ("Burke") credit report that Plaintiff was dead.

3. Plaintiff, who is alive and well, is bothered by the claim that she is dead.

4. In the words of Mark Twain, "Reports of my death are greatly exaggerated."

5. The false reporting by Defendant of Plaintiff's alleged death has prevented Plaintiff from obtaining financing.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

6. Naturally, creditors are reluctant to loan money to folks who supposedly are dead.

7. Plaintiff disputed with Trans Union and told Defendant that Plaintiff is alive.

8. All Defendants refused to remove the "deceased" entry from Plaintiff's credit report.

9. To fix the problem, and to prevent others from going through this, Plaintiff has brought this suit.

10. Hopefully, Defendants will finally acknowledge Plaintiff is alive and will change their business practices to prevent this from happening in the future to any other consumer.

## JURISDICTION

11. Personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

12. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331).

## VENUE

13. Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district.

## PARTIES

14. Plaintiff Sandra Burke (hereinafter "Plaintiff" or "Burke") is a natural person who is a resident of Alabama.

15. Defendant Compass Bank, ("Defendant" or "Compass") is a domestic company that engages in the business of reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is in the State of Alabama and it is incorporated in Alabama.

16. Defendant Trans Union, LLC, ("Defendant" or "Trans Union") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Illinois and it is incorporated in Delaware.

## FACTUAL ALLEGATIONS

17. In early March 2014, Plaintiff applied for credit with GE Capital Retail Bank ("GECRB").

18. On or about March 12, 2014, GECRB wrote to Plaintiff to inform her that they could not extend her credit because Trans Union was reporting her as being deceased.

19. Plaintiff received this letter from GECRB a few days later.

20. On or about March 19, 2014, Plaintiff contacted GECRB about the credit denial and was informed that there was nothing they could do and that she needed to contact Trans Union.

21. On or about March 19, 2014, Plaintiff contacted Trans Union by phone about the false reporting.

22. Plaintiff disputed the "deceased" notation on her Trans Union report.

23. Plaintiff was informed by a Trans Union representative or agent that Trans Union was not reporting her as deceased.

24. Trans Union failed or refused to investigate Burke's dispute.

25. Trans Union failed or refused to provide Burke with its results of investigation.

26. Trans Union instead merely sent Plaintiff a credit report or consumer report or disclosure in response to Plaintiff's dispute.

27. No other account lists Burke as having died.

28. Burke, in fact, is alive.

29. While this dispute by Plaintiff that she actually was not dead would seem to be perhaps the easiest dispute to process in the history of credit disputes, Defendants stubbornly stuck to their story that Plaintiff was dead.

30. Defendants Trans Union and Compass were not concerned and did not care about the status of Plaintiff being alive or dead as Defendants Trans Union and Compass did not intend to perform a reasonable investigation.

31. Defendants Trans Union and Compass did not perform any type of reasonable investigation.

32. Defendant Trans Union notified Defendant Compass in accordance with the FCRA of the dispute by Plaintiff Burke.

33. Alternatively, Defendant Trans Union did not properly notify Defendant Compass and, as part of this failure, did not include all relevant information provided by Plaintiff Burke in its notification to Defendant Compass.

34. Defendants failed to properly investigate this dispute, as if Defendants had properly investigated, the deceased status would have been deleted.

35. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

36. Defendant Trans Union has completely abdicated its obligations under federal law and has instead chosen to merely "parrot" whatever its customer, Defendant Compass, has told it to say.

37. Defendant Trans Union has a policy to favor the paying customer, in this situation Defendant Compass, rather than what the consumer says about being alive or dead.

38. The primary reason for this wrongful policy is that furnishers (such as Defendant Compass) provide enormous financial rewards to Defendant Trans Union, so the word of the furnisher is given much more weight than the word of the consumer, even about whether the consumer is alive or dead.

39. Defendant Compass has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts, but Defendant Compass has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff Burke's credit reports.

40. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on

Plaintiff Burke's dispute, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

41. At all relevant times the Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Burke's credit reports, credit file and/or consumer reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

42. One single example: If Defendant Trans Union had reasonable procedures in place, it would have noticed the oddity of only one account showing Plaintiff as dead and would have had a human being investigate this.

43. Instead, the blind parroting of what the furnisher says is as deep as Defendant Trans Union will go in its investigation.

44. Defendant Trans Union has failed to maintain Plaintiff Burke's account with maximum accuracy and the Defendant Trans Union and Defendant Compass have failed to properly investigate the account in response to the dispute made by Plaintiff Burke.

45. The conduct of the Defendants has proximately cause Plaintiff Burke past and future monetary loss, past and future damage to Plaintiff Burke's credit

worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

46. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA.

47. All Defendants are sophisticated businesses and they know their conduct is wrong.

48. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Burke and/or with the knowledge that their actions would very likely harm Plaintiff Burke and/or that their actions were taken in violation of the FCRA and/or that they knew or should have known that their actions were in reckless disregard of the FCRA.

49. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

50. Defendants are liable to Plaintiff Burke through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of federal law by its employees and agents.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendant Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

53. Defendant Compass is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

54. Plaintiff Burke notified Defendant Trans Union directly of a dispute on the Defendant Compass account's completeness and/or accuracy, as reported.

55. Defendant Trans Union properly notified Defendant Compass of Plaintiff's dispute in accordance with the FCRA requirements.

56. Alternatively, Defendant Trans Union failed to notify Defendant Compass of Plaintiff's dispute in accordance with the FCRA requirements.

57. Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Burke's disputes.

58. Plaintiff Burke alleges that at all relevant times Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Burke's credit reports, credit file and/or her consumer file or report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

59. Plaintiff Burke alleges that Defendant Trans Union failed to conduct a proper and lawful reinvestigation in violation of 15 U.S.C. § 1681i.

60. Plaintiff Burke alleges that Defendant Compass failed to provide Trans Union and other credit bureaus with accurate and truthful information regarding Burke and Burke's account, failed to conduct a reasonable investigation and failed to correct and update information which was false and/or it knew to be false in violation of 15 U.S.C. § 1681s-2, et seq.

61. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Burke and/or with the knowledge that their actions would very likely harm Plaintiff Burke

and/or that their actions were taken in violation of the FCRA and/or that Defendants knew or should have known that their actions were in reckless disregard of the FCRA.

62. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

63. In addition to actual or compensatory damages, Defendants are liable to Plaintiff in a sum to be assessed by the trier of fact for statutory, punitive, and all other such damages for willful violations of the Fair Credit Reporting Act or other applicable federal laws.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Compass Bank
c/o B. Shane Clanton
15 South 20th Street
Suite 1802
Birmingham, Alabama 35233

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc.
150 S. Perry Street
Montgomery, Alabama 36104